## Levi Crowell *vs.* Elisha Brown & another.

B. agreed in writing to build and deliver a vessel for a certain sum, to be paid in two instalments, one when the vessel should be in frame, and the other on the delivery of the vessel complete. After the vessel was in frame C. refused to pay the first instalment unless B. would give him security for the completion and delivery of the vessel; and B. thereupon gave him a bond, reciting the written agreement, and conditioned that B. should, within a reasonable time after the time named in the agreement, finish and deliver the vessel, and, upon C.'s payment, within ten days after such delivery, of the balance of the sum stipulated in the agreement, execute a conveyance of the vessel to him. *Held,* that B.'s subsequent failure to deliver the vessel according to the bond was a breach thereof, on which C. might sue without having paid the first instalment.

ACTION OF CONTRACT upon a bond executed on the 4th of June 1855, with this condition : " Whereas on or about the first day of January last past the said Elisha Brown entered into a certain agreement in writing, by the terms of which said Brown agrees to build a schooner duly described in said writing, and have the same completed on or about the first day of August next; and in and by said agreement said Levi Crowell was and is to make certain payments towards said schooner in advance before the said vessel is completed. Now if said Brown shall within a reasonable time after the time named in said agreement in writing for the same have said schooner done according to the terms of said agreement and delivered in Boston; and said Crowell shall within ten days after he has notice of such delivery in Boston pay the balance not before paid by him of the sum named in said agreement to be by him paid ; and said Brown shall upon such payments execute and deliver to said

Crowell such conveyances and transfers of such schooner as shall constitute said Crowell and the persons whom he may name full and perfect owners of an unincumbered title to three quarters of said schooner; then these presents shall be void; otherwise, to remain in full force."

By the agreement referred to in the bond, Brown agreed to finish the schooner and deliver her to Crowell at Boston by the 1st of August 1855, "for the sum of thirteen thousand, four hundred and thirty dollars, to be paid as follows: Five thousand dollars when the vessel is in frame; and the balance on the delivery of the vessel at Boston complete, agreeably to the foregoing contract."

The defendant admitted the execution of the bond; but contended that the plaintiff could not maintain his action, because he had not paid the first instalment of $5000, mentioned in the agreement. And the parties submitted the case to the decision of the court upon the following statement of facts:

"A few days before the date of the bond the vessel was fully in frame according to the terms of the contract, and five thousand dollars due thereby from the plaintiff to Brown. The plaintiff refused to make the payment unless Brown would furnish security that the vessel should be completed and delivered according to the terms of his contract. Thereupon the bond was executed and delivered. After the delivery of the bond, the plaintiff made part payment of the five thousand dollars, and by the early part of August had paid $4503.50. But he refused to complete the payment, on the ground that there were liens and incumbrances on the vessel, and he feared that Brown would not be able to give him a good title thereto. In September 1855 Brown mortgaged the vessel to one Glover for three thousand dollars, and in October 1855 gave the plaintiff a mortgage upon her for the amount of his advances. The vessel was completed, but Brown was unable to discharge the liens of mechanics and material men upon the vessel, and she was sold by order of court to satisfy those claims, and Brown has never delivered or offered to deliver the vessel to the plaintiff, nor has he been able to make a clear title to her."

*I. W. Beard*, for the plaintiff.

*G. Marston*, for the defendants.

THOMAS, J. The question is as to the breach of the bond. That the vessel was not completed and delivered to the plaintiff according to the bond is agreed. The object of the bond is plain; security for the delivery of the vessel and for the ad vances made upon her. The defendant says, there was no breach, because the five thousand dollars to be paid by the agreement for the construction of the vessel when it was in frame was not paid. As the bond was not given until after the vessel was in frame and the five thousand dollars had become due, this construction would render performance on the part of the plaintiff impossible, and so the bond void from inception. Such construction clearly defeats the purposes of the contract.

*Judgment for the plaintiff.*